IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISPORT, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREENKEEPERS OF DELAWARE, LLC and ) <br> GREENKEEPERS, INC., ) <br> ) <br> Defendants. ) | C.A. No. 08-468 (GMS) |

## JOINT STATUS REPORT

In accordance with the Court's May 20, 2009 Order (D.I. 12), and pursuant to Rule 16(b), Fed. R. Civ. P., and D. Del. L.R. 16.1, counsel for the parties Trisport, Ltd. ("Trisport") and Greenkeepers of Delaware, LLC and Greenkeepers, Inc. (collectively "Greenkeepers") have conferred and submit this Joint Status Report in preparation for the status and scheduling conference before the Court on May 28, 2009. Attached for the Court's consideration is a chart summarizing the parties' proposed schedule for this action (Exhibit A).

1. **Jurisdiction and Service**

The parties agree that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 100, *et seq.* In addition, this Court has subject matter jurisdiction over the declaratory judgment counterclaim raised under 28 U.S.C. § 2201. The parties agree that the Court has personal jurisdiction over the parties to this action. No parties remain to be served.

2. **Substance of the Action**

Trisport states that it is the owner of United States Patent No. 6,810,608 titled "Shoe Cleats" ("the '608 Patent"). Trisport alleges that Greenkeepers infringed and infringes the '608 Patent by making, using, offering for sale, or selling golf shoe cleats covered by one or

more claims of the '608 Patent. Trisport alleges that Greenkeepers' infringement of the '608 Patent was and is willful and deliberate, rendering the case exceptional within the meaning of 35 U.S.C. § 285. Trisport alleges that Greenkeepers also has been and is contributorily infringing and/or actively inducing others to infringe the '608 Patent.

Greenkeepers denies that its product infringe or have ever infringed, directly or indirectly, any valid and enforceable claim of the '608 Patent, either literally or under the doctrine of equivalents, willfully or otherwise. Greenkeepers intends to challenge the validity of the '608 Patent pursuant to 35 U.S.C. §§ 102, 103 and/or 112. Greenkeepers also intends to assert that Trisport's claims are barred by waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses; 35 U.S.C. §§ 287 and/or 287; patent misuse; and that Trisport is estopped from construing the '608 patent to cover Greenkeepers' products.

### 3. Identification of Issues

The issues in dispute are: (1) whether Greenkeepers has infringed, either directly or indirectly, the claims of the '608 Patent; (2) if infringement is found, whether such alleged infringement was willful; (3) whether the '608 Patent is valid and enforceable; (3) whether injunctive relief is warranted in the event that infringement is found and the '608 Patent is deemed to be valid; (5) what damages are warranted in the event that infringement is found and the '608 Patent is deemed to be valid; (7) whether this case is exceptional pursuant to 35 U.S.C. § 285; (8) whether Trisport can recover prejudgment interest pursuant to 35 U.S.C. § 284; (9) whether either party can recover attorney's fees, costs, and expenses in connection with this action.

### 4. Narrowing of Issues

The parties expect that, as discovery proceeds and the case progresses, they may be able to narrow the issues by way of stipulation or dispositive motions.

Greenkeepers believes the issues can be significantly narrowed and/or the case resolved by staying the action and ordering early mediation. Greenkeepers informed Trisport's counsel by letter in September 2008 that its sales were *de minimus* and that any damages Trisport may be entitled to would be similarly small. Accordingly, early mediation would help the parties narrow the issues and likely resolve the case, before significant fees are incurred, which may be a barrier to early resolution.

**5.    Relief**

Trisport states that it seeks the following relief: (1) a judgment that Greenkeepers has infringed the '608 Patent; (2) money damages; (3) prejudgment interest; (4) an injunction prohibiting future direct or indirect infringing conduct regarding the '608 Patent; (5) costs, expenses, and attorneys' fees; (6) a declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of treble damages for a finding of willful infringement pursuant to 35 U.S.C. § 284; and (7) dismissal with prejudice of Greenkeepers' counterclaims. Trisport further states that it is unable to calculate an exact monetary demand without additional discovery.

Greenkeepers states that, as it has informed Trisport's counsel, there are serious defects in Trisport's claim. Namely, Trisport failed to perfect its claim of priority under 35 U.S.C. § 120, rendering the '608 Patent invalid. In addition, Greenkeeper's sale of replacement cleats for a cleat and holder system is clearly permitted under the doctrine of permissible repair. Lastly, even if Greenkeeper's were found to infringe a valid and enforceable claim of the '608 Patent, Greenkeeper's total sales and, accordingly, any possible damages are *de minimus* at best. Accordingly, Greenkeeper's requests that the Court: (1) Dismiss Trisport's Complaint with prejudice; (2) declare that the '608 patent has not been infringed; (3) declare the '608 patent invalid and unenforceable; (4) permanently enjoining and restraining Trisport, its officers, employees, agents and all persons in active concert or participation with Trisport from asserting

that Greenkeepers products and/or business activities constitute an infringement of the '608 Patent, and from any and all acts giving rise to Greenkeepers counterclaims; (5) and declare that this case is exceptional and award Greenkeepers its reasonable attorneys' fees, costs, and expenses.

**6.  Amendment of Pleading**

The parties are not aware of any amendments needed to the pleadings at this time, but reserve the right to amend their pleadings by stipulation and/or leave of the Court by September 11, 2009 should the need arise.

**7.  Joinder of Parties**

The parties are not aware of any additional parties that need to or should be joined in this action at this time, but reserve the right to join additional parties by stipulation and/or leave of the Court should the need arise.

**8.  Discovery**

Discovery is in the initial stages. Beyond the provisions of the Federal Rules of Civil Procedure with respect to limits on discovery, the parties further propose limiting the number of depositions to 5 fact depositions per party. A Fed. R. Civ. P. 30(b)(6) deposition of a party shall be treated as one deposition, regardless of the number of topics sought or witnesses produced. The parties anticipate that party depositions will be held at the offices of the respective counsel; however they respectfully reserve the right to propose alternate locations for the venue of the depositions. In addition, the parties agree, subject to the Court's approval, that each side should be permitted to serve a total of 40 document requests upon the opposing party. The parties believe that should the need arise later in the case to modify these limits, the parties can and should work together to reach reasonable accommodation that is acceptable to the Court.

## 9. Estimated Trial Length

The parties estimate that a trial would take approximately one week. The parties jointly propose a trial in March 2011 if the Court's schedule permits.

## 10. Jury Trial

The parties demand a jury trial on all issues so triable.

## 11. Settlement

The parties believe that mediation or alternative dispute resolution would enhance the possibility of settlement in this matter. As discussed above, the amounts at issue in this case are very small and early mediation would likely result in settlement. In addition, this case has been pending for almost ten months, with no action by the parties. Accordingly, a further brief stay to facilitate mediation will not prejudice either party. In view of the small amount at stake, the attorneys' fees incurred if the case is allowed to proceed may present an obstacle to settlement.

## 12. Other matters

At this time, the parties do not consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

The parties agree that a protective order is necessary due to confidential business information that will need to be exchanged in this action. The parties expect to present a protective order to the Court for its consideration.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | BLANK ROME LLP |
|---|---|
| */s/ Maryellen Noreika* | */s/ Steven L. Caponi* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>Melissa Troutner (#4627)<br>Paul Saindon (#5110)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com | Steven L. Caponi (#3484)<br>1201 Market Street<br>Suite 800<br>Wilmington, DE 19801<br>(302) 425-6408<br><br>*Attorneys for Greenkeepers of Delaware,<br>LLC and Greenkeepers, Inc.* |
| *Attorneys for Trisport, Ltd.* | |

May 21, 2009
2905058

# EXHIBIT A

## Proposed Case Schedule

| Deadline | Jointly Proposed Date |
| --- | --- |
| Rule 16 Conference: | May 28, 2009 |
| Joint Protective Order Due: | June 16, 2009 |
| Initial Disclosures: | June 16, 2009 |
| Motions to Amend/Joinder: | September 11, 2009 |
| Notice of Reliance on Opinion of Counsel: | October 9, 2009 |
| Deadline for Producing Opinion (if relied upon), including supporting documents: | October 9, 2009 |
| Markman/Exchange of claim terms to be construed and proposed constructions: | December 1, 2010 |
| Markman/Submission of Final Joint Claim Chart: | January 8, 2010 |
| Close of Fact Discovery: | January 8, 2010 |
| Markman/Opening Briefs : | March 5, 2010 |
| Markman/Answering Briefs and Joint Appendix: | March 19, 2010 for briefs and March 26, 2010 for joint appendix |
| Markman Hearing: | April/May __, 2010 |
| Opening Expert Report: | July 30, 2010 |
| Rebuttal Expert Report: | August 30, 2010 |
| Close of Expert Discovery: | September 15, 2010 |
| MSJ/Opening Letter Briefs: | September 22, 2010 |
| MSJ/Answering Letter Briefs: | September 29, 2010 |
| MSJ/Reply Letter Briefs: | October 6, 2010 |
| MSJ Status Conference: | October __, 2010 |
| MSJ/Opening Brief: | November 15, 2010 |

| Deadline | Jointly Proposed Date |
|---|---|
| MSJ/Answering Brief: | December 1, 2010 |
| MSJ/Reply Brief: | December 8, 2010 |
| Opening Motions in Limine: | December 16, 2010 |
| Answering Motions in Limine: | December 30, 2010 |
| Reply to Motions in Limine: | January 6, 2011 |
| Pl's Draft Pretrial Order to Def: | December 7, 2011 |
| Def's Comments to Draft Pretrial Order: | December 20, 2011 |
| Joint Proposed Pretrial Order: | January 7, 2011 |
| Pretrial Conference: | January __, 2011 |
| Trial: | February __, 2011 |

2